UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KEITH MCDAY,

                           Plaintiff,

  - against -

B. TRAVIS, *et al.*

                          Defendants.

------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

03 Civ. 5277 (CM)(PED)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/10

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 17, 2003 and an amended complaint on or about August 4, 2003, alleging that his federal civil and state common law rights were violated; and

      **WHEREAS,** all defendants other than defendant City of New York have been previously dismissed from this action;

      **WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the remaining parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendant City of New York, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

      2.    Defendant City of New York hereby agrees to pay plaintiff KEITH McDAY the sum of FIVE THOUSAND DOLLARS ($5,000) in full satisfaction of all claims,


Copies mailed/faxed/handed to counsel on 8/30/10

including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the sole remaining defendant, the City of New York, and to release defendant City of New York, and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Department of Correction, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

       3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

       4. Nothing contained herein shall be deemed to be an admission by the defendant that it in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

       5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
August 27, 2010

Mr. Keith McDay
DIN #04-A-4724
plaintiff *pro se*
Attica Correctional Facility
P.O. Box 149
Attica, New York, 14011

By: *Keith McDay*
Mr. Keith McDay
*Plaintiff Pro Se*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm. 3-143
New York, New York 10007
(212) 788-0991

By: _____
Michael Chestnov
*Senior Counsel*

SO ORDERED:

_____
HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

8-30-2010